# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2020

Lyle W. Cayce
Clerk

No. 19-30655

Cary Payne; Jerome Davis,

*Plaintiffs—Appellants*,

*versus*

Double J. Marine, L.L.C., as Owner and Owner Pro Hac
Vice of the M/V Miss Sylvia;
Brynmark Marine Services, Incorporated;
GATX Third Aircraft Corporation,

*Defendants—Appellees*.

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 2:19-CV-1417

Before Jones, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiffs Cary Payne and Jerome Davis appeal the dismissal of their maritime personal injury claims. Because we have already addressed this

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-30655

exact question in a related case and the Plaintiffs make no effort to distinguish the present case, we AFFIRM.

In February 2016, Payne and Davis were working on a vessel that was struck by another; the owners of the second vessel initiated a Limitation Action and four months after the Limitation Action was settled and dismissed—two and half years after the claims deadline—the Plaintiffs filed a separate maritime personal injury suit against the vessel owners.[1]  The district court dismissed for failure to state a claim and denied the Plaintiffs' request to reopen the Limitation Action.  They timely appealed to this court.

This court has already resolved the issue in question.  In *Collins v. Double J. Marine, LLC*, No. 19-30659 (5th Cir. Apr. 27, 2020), another worker on the ship—represented by the same counsel—appealed the dismissal of his separate maritime personal injury claim and the denial of his request in that action to reopen the Limitation Action.  That case is factually and legally identical to the one at hand.  The court concluded that the shipowners provided proper notice under the statute, Collins had not demonstrated he was a known claimant deserving of mailed notice, and he failed to prove actual failure to receive notice by publication.  Thus, his claim was properly dismissed.  Further, Collins asserted his claim outside the Limitation Action and the Limitation Action is now resolved, so the court had no need to determine whether Collins should be afforded an opportunity to file late in that proceeding.

The Defendants filed a 28(j) letter in the present case notifying the court of the *Collins* decision.  The Plaintiffs have made no effort to distinguish

---

[1] *Collins v. Double J. Marine, LLC* describes the facts in greater detail.  No. 19-30659 (5th Cir. Apr. 27, 2020).

the case at hand or respond at all. Factually and legally, these cases are the same, down to the briefing. The outcome is as well.[2]

The judgment of the district court is **AFFIRMED**.

---

[2] The court takes notice that after this appeal (as well as the appeal in *Collins*) was filed, the Plaintiffs filed a Rule 60(b) motion in an effort to directly reopen the Limitations Action. That motion was denied, and they have since filed a separate appeal of the denial of their Rule 60(b) motion to reopen the Limitation Action such that the same counsel has brought a total of three appeals over this situation. *In re M/V Miss Sylvia*, No. 20-30277. Although counsel advised of the related cases, the parties failed to seek consolidation of the three appeals, which would have been appropriate; accordingly, when Case No. 20-30277 is ready for submission, the Clerk's Office is directed to transfer it to this panel for resolution.